```
     IN THE UNITED STATES DISTRICT COURT FOR THE
            SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

WILLIAM L. CROSBY,                  :

      Plaintiff,                  :

vs.                                 :     CIVIL ACTION 06-00433-KD-B

TRAVIS GRANT, *et al.*,             :

      Defendants.                 :

### REPORT AND RECOMMENDATION

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action, and is now before the Court due to Plaintiff's failure to prosecute and to comply with the Court's Orders.

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 on outdated forms. (Doc. 2). In an Order dated August 11, 2006, this Court directed Plaintiff to refile his complaint on the Court's current form for an action under 42 U.S.C. § 1983, no later than September 11, 2006. (Doc. 4). Plaintiff was also advised that his failure to comply with Orders of the Court would result in the dismissal of his action.  The Court also directed the Clerk to forward to Plaintiff the current form for an action under 42 U.S.C. § 1983.

Rather than refile as directed, Plaintiff, on August 21, 2006, filed an objection and brief in response to the Court's Order dated August 11, 2006. (Doc. 5).  On September 18, 2006, Plaintiff filed

an appeal of the Court's August 21, 2006, Order. (Doc. 6).[1] Upon review of Plaintiff's appeal, District Judge Dubose overruled Plaintiff's objection, and ordered him to refile his complaint on this Court's current form no later than October 10, 2006. Plaintiff was again advised that his failure to comply with Orders of the Court would result in the dismissal of his action. As of this date, Plaintiff has failed to comply with this Court's Orders, and his copy of the Court's Orders have not been returned to the Court.

Due to Plaintiff's failure to comply with the Court's Orders and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers

---

[1] In light of the instant Order, Plaintiff's Motion for Status (Doc. 9) is moot; therefore, it is DENIED.

v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **27th** day of **November 2006**.

                              /S/ SONJA F. BIVINS
                         **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        /S/ SONJA F. BIVINS
                                   **UNITED STATES MAGISTRATE JUDGE**